Filed 1/30/26  P. v. Sanders CA2/3

Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD L. SANDERS,<br><br>    Defendant and Appellant. | B336316<br><br>(Los Angeles County<br>Super. Ct. No. NA067047) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Meyer, Judge.  Reversed and remanded with direction.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

In 2006, Richard Sanders was sentenced under the "Three Strikes" law and his sentence included prior prison enhancements. In 2022, the trial court resentenced Sanders under Penal Code[1] section 1172.75, which invalidated prior prison enhancements, by striking the enhancements. The trial court, however, left intact the Three Strikes sentences.

Sanders appealed, contending that his Three Strikes sentences were unauthorized under the Three Strikes Reform Act of 2012 (the Reform Act), and therefore the trial court erred by failing to resentence him. This court affirmed the order, finding that section 1172.75 was not a proper procedural vehicle by which to raise an issue under the Reform Act. Sanders petitioned for review in the California Supreme Court, the court granted review, and it has now directed us to vacate our decision and to reconsider the cause in light of *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838 (*Guevara*), which held that a trial court is required to apply the Reform Act at a section 1172.75 proceeding absent a finding the defendant poses an unreasonable risk of danger to public safety. Under *Guevara*, we reverse the judgment and remand for further proceedings.

## BACKGROUND

I. The underlying convictions

In 2004 and 2005, three homes in Long Beach were burglarized. (*People v. Sanders* (Nov. 21, 2007, B189679)

---

[1] All further undesignated statutory references are to the Penal Code.

[nonpub. opn.].)[2] Sanders lived across the street from one of the burglarized homes, and his thumbprint was found at the burglarized home. In Sanders's home, law enforcement found property stolen from the homes, including two watches and a coin collection.

A jury found Sanders guilty of first degree burglary (§ 459; count 1) and two counts of felony receiving stolen property (§ 496, subd. (a); counts 2 & 3). Sanders then admitted he had two prior convictions within the meaning of the Three Strikes law and a prior prison term within the meaning of section 667.5, subdivision (b). In 2006, the trial court sentenced Sanders, on count 1, to 25 years to life and, on counts 2 and 3, to concurrent terms of 25 years to life. The trial court also imposed two 5-year terms under section 667, subdivision (a)(1), and a one-year term under section 667.5, subdivision (b).

II.    Postjudgment proceedings under section 1172.75

In December 2022, the trial court determined that Sanders might be entitled to resentencing under section 1172.75, appointed counsel for Sanders, and set a hearing. Sanders submitted briefing in which he asked the trial court to strike his one-year prior, to "strike and recall the terms imposed" under the Three Strikes law, and to resentence him to a determinate six-year term. At the December 26, 2023 hearing, the People agreed that the trial court should strike the one- and five-year enhancements but otherwise argued that the sentence should

---

[2]    The factual background is from the opinion affirming Sanders's judgment of conviction on direct appeal. We take judicial notice of that opinion on our own motion. (Evid. Code, § 452, subd. (a).)

3

remain the same as that originally imposed. The People also argued that it would be inappropriate to strike a strike based on Sanders's criminal history. Sanders's counsel made no argument in response and instead submitted.

The trial court found that Sanders was not outside the spirit of the Three Strikes law, "back then or now. [¶] So the court is going to continue to give him 25 to life on count 1, count 2 and count 3. However, I am going to strike all of his priors." Thus, the trial court recalled Sanders's sentence, struck the one- and five-year enhancements, and sentenced him to 25 years to life on count 1 and to 25 years to life concurrent sentences on counts 2 and 3.

III. Prior appeal and petition for review

Sanders appealed the trial court's resentencing order, contending that the trial court should have resentenced him on counts 2 and 3 for receipt of stolen property because the Reform Act has rendered the sentences imposed on them unauthorized.[3] We rejected that contention and affirmed the order. Sanders appealed, the Supreme Court granted review, and it transferred Sanders's case to us with the direction to reconsider the case in light of *Guevara*, *supra*, 18 Cal.5th 838.

## DISCUSSION

I. Resentencing and the Reform Act

Sanders contends that counts 2 and 3 are no longer strikes under the Reform Act, which the trial court was obligated to

---

[3]     Sanders does not contend that the sentence on count 1 for burglary was unauthorized.

4

apply at the section 1172.75 resentencing proceeding.  Under *Guevara*, we agree that the trial court must consider the Reform Act at a section 1172.75 resentencing proceeding.

In 2021, our California Legislature passed Senate Bill No. 483, which added section 1172.75.  (Stats. 2021, ch. 728, § 3.)  Section 1172.75 declared legally invalid one-year sentencing enhancements for a prior prison term, except when the prior prison term was for a sexually violent offense.  If a judgment includes a qualifying enhancement, the trial court shall recall the sentence and resentence the defendant.  (§ 1172.75, subd. (c).)  Further, the resentencing court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

The Reform Act is one such change in law.  That is, when Sanders was sentenced in 2006, the Three Strikes law provided that defendants with two or more prior convictions of violent or serious felonies could receive a Three Strikes sentence even if the current offense was neither serious nor violent.  (Former §§ 667, 1170.12; see generally *People v. Johnson* (2015) 61 Cal.4th 674, 680.)  Thereafter, California voters passed the Reform Act.  The Reform Act "limited indeterminate life sentences for nonserious, nonviolent third strike offenses.  Under the Reform Act, a defendant convicted of a nonserious, nonviolent third strike instead receives a sentence of double the term of the current felony.  (§ 1170.12, subd. (c)(1), (2)(C).)  The Reform Act authorizes defendants 'presently serving an indeterminate term of imprisonment' pursuant to the Three Strikes law for a third nonserious, nonviolent strike to file a petition for a recall of sentence and request resentencing in accordance with the Reform

Act.  (§ 1170.126, subd. (a).)  The Reform Act provides that courts may deny petitions of defendants determined to pose an unreasonable risk of danger to public safety.  *(Id.*, subd. (f).)" (*Guevara, supra,* 18 Cal.5th at p. 849.)

*Guevara, supra,* 18 Cal.5th at page 858, resolved a split in the courts of appeal regarding whether the Reform Act is the "sole avenue for defendants sentenced to an indeterminate term of imprisonment under the original Three Strikes law to seek resentencing relief," concluding it is not.  The court thus pointed to subdivision (k) of section 1170.126 of the Reform Act, which provides that nothing in the act "is intended to diminish or abrogate any rights or remedies otherwise available to the defendant."  The court then reconciled conflicting provisions in the Reform Act and in section 1172.75.  Section 1170.126, subdivision (f), of the Reform Act permits a court to deny resentencing if it finds by a preponderance of the evidence that the petitioner poses an unreasonable risk of danger to public safety.  But section 1172.75, subdivision (d)(1), permits a court to deny resentencing if it finds by clear and convincing evidence that a lesser sentence would endanger public safety.  *Guevara,* at pages 861 to 869, applied the doctrine of constitutional avoidance to hold that section 1172.75 incorporates section 1170.126's substantive requirements, including its discretionary public safety override provision in subdivision (f) of section 1170.126.

Accordingly, under *Guevara,* the trial court here had to consider the Reform Act at Sanders's section 1172.75 resentencing hearing.  Specifically, receiving stolen property is not a serious or violent felony.  (§§ 667.5, subd. (c) [listing violent felonies], 1192.7, subd. (c) [listing serious felonies].)  Under the current version of the Three Strikes law per the Reform Act, the

trial court must determine whether Sanders should be resentenced on counts 2 and 3.

II.     Resentencing and Proposition 47

When Sanders was convicted of his crimes, receiving stolen property was a wobbler, meaning the crime was punishable as either a felony or misdemeanor.  (See generally *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  But, effective in November 2014, Proposition 47, the Safe Neighborhoods and Schools Act, made certain nonviolent drug- and theft-related offenses, including receiving stolen property, misdemeanors for eligible defendants.  (See generally *Rivera*, at p. 1091.)  Proposition 47 now requires the value of stolen property to exceed $950 to be a felony.  (§ 496, subd. (a).)  Proposition 47 also created its own resentencing procedure in section 1170.18.  If a defendant meets resentencing criteria, the court shall resentence the defendant to a misdemeanor unless it determines, in its discretion, that the defendant would pose an unreasonable risk of danger to public safety, defined as an unreasonable risk the defendant will commit a new violent felony.  (§ 1170.18, subds. (b), (c).)

Sanders now argues that because his jury never found that the value of the property he stole exceeded $950, he is entitled to resentencing under Proposition 47.  After our California Supreme Court remanded this case, neither Sanders nor the Attorney General submitted supplemental briefing.  However, Sanders had conceded in his original briefing that we need remand for resentencing on only one ground, e.g., under the Reform Act. Without deciding the availability of any remedy under Proposition 47 on remand, we accept the concession and decline to address the issue further and remand for a full resentencing.

7

## DISPOSITION

We reverse the judgment and remand the case to the trial court with the direction to reconsider Sanders's sentence under Penal Code section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.